Richard Scott v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-00350-CR

     RICHARD SCOTT,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 220th District Court
Hamilton County, Texas
Trial Court # 00-06-07085
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Richard Scott appeals the court’s finding that he is not indigent for purposes of a free
appellate record and appointment of appellate counsel. Scott presents three issues. We will
affirm.
      A jury convicted Scott of securing the execution of a document by deception. On appeal,
Scott sought a free appellate record and the appointment of counsel due to his alleged
indigence. The trial court denied Scott’s indigence claim because Scott refused to testify under
oath or by affirmation because of his religious beliefs. This Court reversed the indigence
ruling and remanded the matter to the trial court for further consideration. See Scott v. State,
80 S.W.3d 184 (Tex. App.—Waco 2002, pet. ref’d).
      On remand, the trial court received testimony and evidence from Scott and others. Scott’s
mother-in-law testified that he owns a home which she gave him and which is unencumbered. 
One of Scott’s daughters lives in this home with her husband. The State presented evidence
that the appraised value of this home is $26,220. The trial court signed an order denying
Scott’s indigence claim because: (1) he owns property worth more than $20,000; and (2) he
has made no effort to seek employment.
      Scott contends on appeal that the court abused its discretion because: (1) selling the house
would violate his religious beliefs that he should not abandon needy members of his family and
congregation; (2) the indigence hearing should have been postponed because he was in the
midst of a 34-day fast; and (3) seeking employment would be contrary to his ministry and
calling.
      Scott argues in his second issue that the court should have inquired into his well-being sua
sponte and postponed the hearing because he was in the midst of a 34-day fast. However,
when the court asked Scott if he was ready to proceed, he answered in the affirmative. 
Accordingly, no abuse of discretion is shown. See Prytash v. State, 3 S.W.3d 522, 531 (Tex.
Crim. App. 1999). We overrule Scott’s second issue.
      Scott claims in his first issue that compliance with the court’s implicit requirement that he
sell the house violates his religious beliefs. Scott testified that he cannot use the house as
collateral for a loan because he refuses to use a social security number for identification
purposes and, therefore, the only way he can use the house to pay his appellate costs would be
by “selling it and putting indigent people out on the street, which is contrary to my ministry.”
      We note, however, that the court expressly told Scott that he was not being ordered to sell
the house. Cf. Newman v. State, 937 S.W.2d 1, 2-3 (Tex. Crim. App. 1996). Scott’s First
Amendment right to choose to use his assets for religious purposes does not trump his
obligation to pay appellate costs anymore than it trumps his obligation to pay sales taxes when
he makes retail purchases. See e.g. Bowen v. Roy, 476 U.S. 693, 712, 106 S. Ct. 2147, 2158-59, 90 L. Ed. 2d 735 (1986) (incidental burden imposed on religious exercise by requirement
that welfare applicant provide social security number does not violate Free Exercise Clause);
see also Murdock v. Pa., 319 U.S. 105, 112, 63 S. Ct. 870, 874, 87 L. Ed. 1292 (1943)
(religious groups are not exempt from all financial burdens of government).
      As the Supreme Court stated in Bowen, a citizen “may not use the Free Exercise Clause to
demand Government benefits, but only on [his] own terms.” 476 U.S. at 711-12, 106 S. Ct. at
2158. This reasoning applies with equal force to Scott’s claim. Accordingly, we overrule
Scott’s first issue.
      In view of our disposition of Scott’s first issue, we need not address his third issue. See
Tex. R. App. P. 47.1.
 

      We affirm the judgment.
 
                                                                   FELIPE REYNA
                                                                   Justice

Before Chief Justice Gray,
      Justice Vance, and 
      Justice Reyna
Affirmed
Opinion delivered and filed March 31, 2004
Do not publish
[CR25]